IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THADDEUS JESSIE, ROBERT PETTY, and REBECCA WYLIE, individually on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DENTALCARE PARTNERS, INC., a Delaware Corporation, and DENTAL ONE, INC., a Delaware corporation, collectively doing business as "DentalWorks,"<br><br>Defendants. | Case No. 13-cv-8848 |

## COMPLAINT

Plaintiffs Thaddeus Jessie, Robert Petty, and Rebecca Wylie, individually on behalf of themselves and all other persons similarly situated, by their attorneys Jennifer M. Sender, Robert M. Winter, Andrés J. Gallegos, and Catherine A. Cooke of Robbins Salomon & Patt, Ltd., complain of Defendants DentalCare Partners, Inc., a Delaware corporation and Dental One, Inc., a Delaware corporation, collectively doing business as "DentalWorks," as follows:

### COUNT I – AMERICANS WITH DISABILITIES ACT

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188. Plaintiffs' claims arise under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et sequitur*, Public Law 101-336, 104 Stat. 327, as amended.

2. Venue is proper in this district because Defendants caused and continue to cause injuries to Plaintiffs in this district and Defendants reside in this district.

J15918

## THE PARTIES

3. Plaintiff Thaddeus Jessie is a paraplegic who depends upon the use of a wheelchair and is a person with a disability within the meaning of all applicable statutes. Thaddeus Jessie resides in Carrollton, Texas.

4. Plaintiff Robert Petty is a quadriplegic who depends upon the use of a wheelchair and is a person with a disability within the meaning of all applicable statutes. Robert Petty resides in Dallas, Texas.

5. Plaintiff Rebecca Wylie is a quadriplegic who depends upon the use of a wheelchair and is a person with a disability within the meaning of all applicable statutes. Rebecca Wylie resides in Deerfield, Illinois.

6. Defendant DentalCare Partners, Inc., doing business as "DentalWorks" (hereinafter "DentalWorks") is a Delaware corporation. On information and belief, DentalWorks operates over 160 dental care offices in 14 states, including 17 locations within the state of Illinois, doing business and providing comprehensive dental and orthodontic services to the public.

7. Defendant Dental One, Inc., doing business as "DentalWorks" (both Defendants shall hereinafter be referred to collectively as "DentalWorks" or Defendants) is a Delaware corporation. On information and belief, DentalWorks operates over 160 dental care offices in 14 states, including 17 locations within the state of Illinois, doing business and providing comprehensive dental and orthodontic services to the public.

## CLASS ALLEGATIONS

8. Pursuant to Fed. R. Civ. P. 23(a), Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated. The class that Plaintiffs seek to represent is composed of all disabled persons with ambulatory impairments who depend upon the use of

wheelchairs and are unable to obtain dental services and care at DentalWorks' dental facilities because of the failure of DentalWorks to comply with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

9. The persons in the class are so numerous that joinder of all persons is impracticable and the disposition of their claims in a class action is a benefit to the parties and the Court. In the 14 states that Defendants operate their business, there are an estimated 1,077,697 wheelchair users.[1] Plaintiffs are informed and believe that thousands of disabled individuals with ambulatory impairments who depend upon the use of wheelchairs seeking dental care services from DentalWorks have suffered and will continue to suffer systemic discrimination.

10. There are common questions of law and fact involved that affect the parties to be represented in that they are all being denied, or will be denied their civil rights of full and equal enjoyment of dental services and care from DentalWorks, due to the barriers described herein.

11. The claims of Plaintiffs are typical of the claims of the class because Plaintiffs are similarly affected by the failure of DentalWorks to provide the legally required access to its facilities and dental services throughout the United States.

12. Plaintiffs are adequate class representatives because they are directly impacted by the failure of DentalWorks to provide access to dental care services, facilities and equipment in its dental care offices. The interests of Plaintiffs are not antagonistic to or otherwise in conflict with the interests of the class as a whole. The attorneys representing the class are experienced in representing clients in class actions and class action civil rights claims.

---

[1] There are an estimated 2.7 million people in the United States who utilize wheelchairs. DentalWorks' dental care offices are located in the following states: Arizona, Colorado, Illinois, Indiana, Kentucky, Michigan, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Texas, Utah, and Wisconsin.

J15918                                              3

13. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because DentalWorks has acted and/or failed to act on grounds applicable to the class as a whole, making final declaratory and injunctive relief for the class as a whole superior to all other methods of disposition.

14. Class certification is appropriate under Fed. R. Civ. P. 23 (b)(3) because questions of law and fact common to class members predominate over other available methods for the fair and efficient adjudication of this litigation.

15. Upon information and belief, the interests of members of the class in individually controlling the prosecution of a separate action is low, in that most class members would be unable to individually prosecute an action because the amounts at stake for individuals, while significant, are relatively small for most or all of the class members contrasted with the costs of prosecution. Concentrating litigation in a single forum will promote judicial efficiency by resolving common questions of law and fact in a single forum instead of across multiple courts.

16. A class action would be manageable. Individualized litigation presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims that might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. References to Plaintiffs shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

## DEFENDANTS' CONDUCT

17. The oral health problems of individuals with disabilities are complex. These problems may be due to underlying congenital anomalies as well as to an inability to receive the personal and professional health care needed to maintain oral health. Regularly scheduled dental

examinations are critical to maintaining healthy teeth, gums, and overall health. Many diseases have early manifestations in the oral tissues. Diabetes, heart disease, blood disorders, infectious diseases, and gastric-intestinal disorders all show early signs in the mouth. Likewise, dental and oral diseases can have a profound effect on general health. Dentists are qualified to administer such exams and treat many diseases and disorders of the mouth and gums. A dental exam is low cost and of high benefit to the patient, but only if a person can access dental services. Many dental facilities and offices are not wheelchair accessible. The standard dental treatment room is too small for a wheelchair, and patients usually have to transfer into the exam chair. If they cannot transfer by themselves, they will need assistance; yet most dental professionals have not had training in safe wheelchair transfer techniques or do not have lift equipment available to facilitate patient transfers. Inadequate dental care can cause a build-up of bacteria in the mouth and cause chronically inflamed gums, both of which can weaken the immune system and put a person at risk for other health problems, such as cardiac disease or poor healing. When one's body is already compromised by physical disability, those difficulties can be even more severe. For a person with spinal cord injury, for example, an immune system taxed by an abscessed tooth or gum disease can weaken the body's ability to fight off urinary tract infections or heal pressure sores. Also, many medications that control pain or spasticity cause dry mouth - a side effect that can have a detrimental effect on the health of the teeth. People who forego routine dental care generally suffer from acute infections and then struggle to find care on an emergency basis when it is much more difficult and costly.

   18. Defendants have a pattern and practice of failing to provide full and equal access to dental exams by disabled persons with ambulatory impairments who depend upon the use of wheelchairs who are seeking dental care services, by failing to remove architectural barriers that prevent full and equal enjoyment of, and access to their dental examination services and failing

to make reasonable modifications to their policies, practices and procedures to ensure that disabled persons with ambulatory impairments who depend upon the use of wheelchairs are provided with equal access to the facilities, equipment and services DentalWorks provides to their non-disabled customers.

19. As a consequence of the aforesaid conduct, DentalWorks does not provide full and equal access for disabled persons with ambulatory impairments who depend upon the use of wheelchairs. Defendants' employees and staff members are not able to address these barriers and provide dental services on an equal basis to disabled persons with ambulatory impairments who depend on the use of wheelchairs, and thus such disabled persons are unable to secure comprehensive dental care services at DentalWorks' locations that are readily available to non-disabled persons without ambulatory impairments.

20. Defendants do not provide, and they deny and continue to deny, access for disabled persons with ambulatory impairments who depend upon the use of wheelchairs by creating and failing to remove architectural barriers in the following ways:

    a. DentalWorks' examination chairs do not lower sufficiently to facilitate the transfer of disabled ambulatory impaired persons from their wheelchairs onto the dental exam chairs;

    b. No safe means are provided to lift disabled ambulatory impaired persons from their wheelchairs onto examination chairs, such as transfer boards, portable lift systems, or fixed overhead lift systems;

    c. The examination chairs are either fixed to the floor or cannot be readily moved to permit disabled ambulatory impaired persons in wheelchairs to access the dental examination equipment while seated in their wheelchairs, in those circumstances that the person's wheelchair reclines and the examination can be performed while the person remains in his/her wheelchair;

    d. The examination equipment cannot be moved sufficiently to accommodate a dental examination for a person in a wheelchair while such person remains in his or her wheelchair in those circumstances that the person's

        wheelchair reclines and the examination can be performed while the person remains in his/her wheelchair;

    e.    Disabled persons with ambulatory impairments who depend upon the use of wheelchairs are turned away from facilities or dissuaded from seeking dental care services from DentalWorks' offices when they inquire telephonically about the availability of dental care services for disabled persons who depend on the use of wheelchairs; and

    f.    Defendants otherwise have denied access to disabled ambulatory impaired individuals who depend upon the use of wheelchairs.

21.    The pervasive barriers to access described above make it more difficult and expensive for disabled persons with ambulatory impairments who depend upon the use of wheelchairs to receive adequate dental care and services. The failure of Defendants to remove such architectural access barriers throughout DentalWorks' locations prevents full and equal access, subjects disabled persons with ambulatory impairments who depend upon the use of wheelchairs to embarrassing, humiliating, and frustrating experiences, and increases the likelihood that they will not be able to secure dental care services that are available to people without ambulatory impairments.

22.    Each DentalWorks location is a public accommodation that is covered by Title III of the ADA. 42 U.S.C. § 12181(7)(F); 28 C.F.R. § 36.104.

## **EXPERIENCES OF THE NAMED PLAINTIFFS**

23.    Plaintiff Thaddeus Jessie is a person with an ambulatory impairment who depends upon the use of a wheelchair. Since 2008, Thaddeus has been living with the effects of a spinal cord injury, at the T-6 level, resulting in paraplegia. As a result, he utilizes a power wheelchair, which does not have a tilt or recline function. Thaddeus is able to independently transfer in and out of his wheelchair to a surface that is of equal or lower height to his wheelchair by using a transfer board or with the assistance of people who are trained to safely transfer him. For his safety, Thaddeus does not permit people to lift him if they have not been trained to safely lift

J15918    7

persons with spinal cord injuries. Moreover, given his height of 6'0" and weight of 240 pounds, it requires more than one person to safely lift him. Thaddeus's last dental examination was in 2005, before he sustained a spinal cord injury. One of the reasons why Thaddeus has not had a dental examination since sustaining a spinal cord injury is the fact that he is not able to locate a dental clinic close to him that is accessible. Thaddeus will not undergo a dental examination if required to remain in his wheelchair as it will be incredibly uncomfortable, and painful for some procedures. Additionally, if Thaddeus is required to remain in his wheelchair for a dental treatment or examination, it could pose a safety risk to the dental technician and dentist.

24. On May 23, 2013, Thaddeus called the Preston Hallow Dental Care clinic, a DentalWorks clinic, located at 11661 Preston Road, Suite 104, in Dallas Texas, which is approximately a 15 minute drive from his apartment. Thaddeus explained to the DentalWorks employee that he was a paraplegic and that he had limited capacity to transfer independently from his wheelchair onto an examination chair, and inquired about the accessibility of the dental clinic and its examination rooms. The DentalWorks employee told Thaddeus that he should have no problems entering the clinic and their examination rooms. Thaddeus then asked whether they had lift equipment or a transfer board to help him transfer from his wheelchair onto the examination chair. The DentalWorks employee said they did not have such equipment available, but there were staff members who could probably help him with the transfer, although the DentalWorks employee admitted they were not trained to lift people with spinal cord injuries. The DentalWorks employee with whom Thaddeus spoke did not inquire about his height or weight which was concerning to Thaddeus, because if someone were to lift him without proper training, he could risk serious injury. The DentalWorks employee concluded by saying that she believed Thaddeus could receive an examination and that the equipment would be able to reach him. Because Thaddeus was not assured that the clinic's staff was properly trained and that they

have sufficient number of people to assist him, he did not want to risk injury by allowing untrained staff lift him in order to obtain a complete dental examination.

25. If the clinic had a safe means by which to transfer Thaddeus, he would utilize their services given the close proximity of the clinic to his apartment.

26. Plaintiff Robert Perry is a person with an ambulatory impairment who depends upon the use of a wheelchair. Robert has been living with the effects of a spinal cord injury at the C-6 level, resulting in quadriplegia since 1983 and uses a power wheelchair. Given his level of injury, he is not able to independently transfer in and out of his wheelchair. While at home, he utilizes a lift to transfer him in and out of his wheelchair, and for his safety, he will not permit people to lift him unless they have been trained to safely lift persons with spinal cord injuries. Robert's wheelchair has the ability to tilt and recline, which at times would allow him to obtain certain dental care examinations while remaining in his wheelchair. However, Robert's wheelchair is not completely reliable and at times different features may not work for variety of reasons, and in those instances, remaining in a wheelchair for a dental examination in an upright position is very uncomfortable and painful. Robert is 6'1" tall and weighs approximately 200 pounds, and given his height and weight, it requires at least 3 to 4 people (typically men) to safely lift him. Robert has not had a dental examination in at least 5 years, in large part because he cannot find one that has accessible services to persons in wheelchairs.

27. On May 24, 2013, Robert called First Family Dental Care, a DentalWorks dental clinic located at 204 Coit Road, Suite 100 in Plano, Texas, which is approximately 4.5 miles away from his apartment. Robert explained to the DentalWorks employee that he was spinal cord injured and relied upon the use of a power wheelchair and did not have the capability to independently transfer from his wheelchair onto an examination chair. Robert inquired about the accessibility of the building's entrance, the entrance into the clinic, and the accessibility of the

examination rooms and was informed that the building was accessible and that the clinic also had accessible examination rooms. The DentalWorks employee Robert spoke with informed him that they could assist him in transferring from his wheelchair to the examination chair, but they had no one on staff was trained to do so. Robert asked whether the clinic had transfer equipment like slide boards, a Hoyer lift or any other type of lift or transfer equipment, and the DentalWorks employee responded that the clinic did not. The DentalWorks employee mentioned that Robert could possibly stay in his wheelchair for the examination, but it would be difficult as the dentist would have to work around the examination chair. Finally, the DentalWorks employee suggested that Robert should try to contact other dentists to see if they could better accommodate his needs. Robert had great concerns over allowing the clinic's employees to try to lift him out of his wheelchair and onto the examination chair, and given that the DentalWorks employee did not inquire about Robert's height or weight, he was even more concerned that the clinic was not informed on how to safely lift someone with a spinal cord injury. In light of the clinic's lack of a Hoyer lift or other lift equipment, Robert was not confident that the DentalWorks staff could safety transfer him out of his wheelchair and onto the examination chair.

28. If the clinic had a safe means by which to transfer him, Robert would utilize the DentalWorks clinic's services given the close proximity of the clinic to his apartment.

29. Plaintiff Rebecca Wylie is a person with an ambulatory impairment who depends upon the use of a wheelchair. Rebecca has been living with the effects of Acute Transverse Myelitis, which developed when she was 7 years old, affecting her 3rd cervical vertebra, causing quadriplegia. As a result, she is dependent upon the use of a wheelchair. Rebecca is not able to independently transfer in and out of her wheelchair, and for her safety, she will not permit anyone to lift her unless they have been properly trained. Rebecca utilizes a wheelchair which has the ability to recline, which at times facilitates her ability to obtain certain dental care

J15918                                       10

examinations while remaining in her wheelchair. At times, however, the recline feature in her wheelchair does not work and remaining in a wheelchair is not an option as receiving a dental exam or treatment while in a rigid upright position is very uncomfortable and painful.

30. On April 12, 2013, Rebecca called DentalWorks at 2 North State Street in Chicago Illinois (the "State Street Clinic"), which is just minutes from her graduate housing and is inside a Sears store. Rebecca inquired about the accessibility of the store, and the DentalWorks' employee represented that the Sears store and the dental space were accessible. Rebecca then inquired whether she would be able to stay in her wheelchair for the dental examination or if she would need to transfer into the examination chair. After placing Rebecca on hold, the DentalWorks employee informed Rebecca that x-rays could be taken while Rebecca remained in her wheelchair, but for an examination, Rebecca would need to transfer or be transferred onto the examination chair. Rebecca then asked whether there was someone in the office that would be able to transfer her. The DentalWorks employee replied that personnel would be available to assist her with a transfer.

31. Also on April 12, 2013, Rebecca called the DentalWorks at 6153 South Western Avenue in Chicago Illinois, which is about 25 minutes from her graduate residence housing. Rebecca inquired about the accessibility of their dental services and whether she would be able to be examined in her wheelchair. The DentalWorks employee informed her that she could obtain x-rays while in her wheelchair but she would need to be out of her wheelchair for the examination. Rebecca then informed the DentalWorks employee that she was not able to independently transfer from her wheelchair to the examination chair and would need assistance. The DentalWorks employee replied that no one would be able to assist Rebecca with the transfer, but could obtain x-rays while in her wheelchair.

32. On April 18, 2013, Rebecca again called back the State Street Clinic to request additional information regarding how the employees would be able to help her transfer from her wheelchair onto the examination chair. A DentalWorks employee, who was not the same employee with whom Rebecca spoke on April 12, 2013, informed her that the staff is not trained to lift patients and they do not have lift equipment to assist her.

33. If DentalWorks was capable of providing accessible dental care services to persons with ambulatory impairments who rely upon the use of wheelchairs, Rebecca would visit DentalWorks to utilize those services

## THE STATUTE AND REGULATIONS

34. At all times relevant, there was in full force and effect a statute known as the Americans with Disabilities Act, 42 U.S.C. §§ 12101 – 12189, and its implementing regulations, 28 C.F.R. §§ 36.101 – 36.608, which provide in pertinent part as follows:

   a. No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201.

   b. It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b) (1)(A)(i); 28 C.F.R. § 36.202(a).

   c. It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b).

   d. It shall be discriminatory to impose or apply eligibility criteria that screen out or tend to screen out an individual with a disability or any class of

        individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered. 42 U.S.C. § 12182(b) (2)(A)(i); 28 C.F.R. § 36.301(a).

    e.    It shall be discriminatory to fail to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b) (2)(A)(ii); 28 C.F.R. § 36.302(a).

    f.    It shall be discriminatory to fail to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b) (2)(A)(iv); 28 C.F.R. § 36.304(a).

## **DEFENDANTS' VIOLATIONS**

35.    Defendants' acts and omissions alleged herein violated and continue to violate the ADA and its implementing regulations in one or more or all of the following manners:

    a.    DentalWorks has discriminated against Plaintiffs and the class members by denying them the opportunity for the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the departments and facilities owned, operated and/or contracted for use by DentalWorks.

    b.    DentalWorks has discriminated against Plaintiffs and the class members by denying them the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of DentalWorks stores.

    c.    DentalWorks has discriminated against Plaintiffs and the class members by offering or affording them services that are not equal to those services afforded to other individuals without ambulatory impairments.

    d.    DentalWorks has discriminated against Plaintiffs and the class members by imposing or applying eligibility criteria that screen out or tend to screen out disabled individuals with ambulatory impairments who cannot independently transfer from their wheelchairs onto examination chairs where such criteria is not necessary for the provision of dental care services.

    e.    DentalWorks has discriminated against Plaintiffs and the class members

    by failing to make reasonable modifications in policies, practices, or procedures, which are necessary to afford its goods, services and facilities to Plaintiffs and the class members where such modifications would not fundamentally alter the nature of its goods, services or facilities.

  f. DentalWorks has discriminated against Plaintiffs and the class members by failing to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable.

  g. DentalWorks has otherwise discriminated against Plaintiffs and the class members.

36. Defendants' conduct constitutes ongoing and continuing violations of the ADA. Unless restrained from doing so, DentalWorks will continue to violate the ADA. This conduct, unless enjoined, will continue to inflict injuries on Plaintiffs and the members of the class for which Plaintiffs and the class will have no adequate remedy at law. Therefore, pursuant to section 308 of the ADA (42 U.S.C. § 12188), Plaintiffs and members of the class are entitled to injunctive relief.

37. Plaintiffs and members of the class are entitled to reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 12205.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and members of the class pray for the following relief:

  a. A preliminary injunction and a permanent injunction, prohibiting DentalWorks from violating the ADA, 42 U.S.C. § 12181, *et seq.*, and compelling DentalWorks to comply with the ADA;

  b. A declaration that DentalWorks is operating in a manner which discriminates against disabled individuals who are ambulatory impaired who depend upon the use of wheelchairs and which fails to provide access for persons with disabilities as required by law;

  c. An order certifying the case as a class action pursuant to FED. R. CIV. P. 23(a) and (b)(2), and appointing Plaintiffs as class representatives and their attorneys as class counsel;

  d. An award of attorneys' fees and costs; and

      e.      Such other relief as the Court deems just.

## COUNT II – REHABILITATION ACT

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). Plaintiffs' claims in Count II arise under the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701, *et sequitur*, Public Law 93-112, 87 Stat. 355, as amended.

2-7. Plaintiffs incorporate by reference paragraphs 2 to 7 of Count I.

8. Pursuant to Fed. R. Civ. P. 23(a), Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated. The class Plaintiffs seek to represent is composed of all disabled persons with ambulatory impairments who depend upon the use of wheelchairs and are unable to obtain dental services and care at DentalWorks locations because of the failure of DentalWorks to comply with Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

9-21. Plaintiffs incorporate by reference paragraphs 9 to 21 of Count I.

22. Upon information and belief, Defendants are direct and/or indirect recipients of federal financial assistance and are therefore subject to the antidiscrimination provisions of the Rehabilitation Act, as herein described.

23-28. Plaintiffs incorporate by reference paragraphs 23 to 28 of Count I.

29. At all times relevant, there was in full force and effect a statute known as the Rehabilitation Act, 29 U.S.C. § 701, *et sequitur*, and its implementing regulations, 45 C.F.R. § 84.4(a), which provide in pertinent part as follows:

      a.      "No otherwise qualified individual with a disability…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any

        program or activity receiving Federal financial assistance…" 29 U.S.C. § 794(a).

    b.    An individual with a disability is "otherwise qualified" to participate in covered programs and activities if that individual "meets the essential eligibility requirements for the receipt of such services." 45 C.F.R. § 84.3(l)(4).

    c.    "Program or activity" means all of the operations of an entire corporation if assistance is extended to such corporation as a whole or the corporation is principally engaged in the business of providing health care services, and any part of the corporation receives federal financial assistance. 29 U.S.C. § 794(b)(3)(A)(i) and (ii); 45 C.F.R. §84.3(k)(3)(i)(A) and (ii).

    d.    "Federal financial assistance" means "any grant, loan, contract…or any other arrangement by which the Department [of Health and Human Services] provides or otherwise makes available assistance in the form of…[f]unds." 45 C.F.R. § 84.3(h).

    e.    "No qualified handicapped person shall, because a recipient's facilities are inaccessible to or unusable by handicapped persons, be denied the benefits of, be excluded from participation in, or otherwise be subjected to discrimination under any program or activity to which this part applies." 45 C.F.R. § 84.21.

    f.    "Accessibility. A recipient shall operate its program or activity so that when each part is viewed in its entirety, it is readily accessible to handicapped persons." 45 C.F.R. § 84.22.

    g.    "In providing health, welfare, or other social services or benefits, a recipient may not, on the basis of handicap: (1) Deny a qualified handicapped person these benefits or services…(3) Provide a qualified handicapped person with benefits or services that are not as effective as the benefits or services provided to others…(4) Provide benefits or services in a manner that limits or has the effect of limiting the participation of qualified handicapped persons." 45 C.F.R. § 84.52(a).

30.    Defendants' acts and omissions alleged herein violated and continue to violate the Rehabilitation Act and its implementing regulations in one or more or all of the following manners:

    a.    DentalWorks has discriminated against Plaintiffs and the class members by denying them the opportunity for the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of

        the facilities owned, operated and/or contracted for use by DentalWorks.

    b.    DentalWorks has discriminated against Plaintiffs and the class members by denying them the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of DentalWorks.

    c.    DentalWorks has discriminated against Plaintiffs and the class members by offering or affording them services that are not equal to those services afforded to other individuals without ambulatory impairments.

    d.    DentalWorks has discriminated against Plaintiffs and the class members by imposing or applying eligibility criteria that screen out or tend to screen out disabled individuals with ambulatory impairments who cannot independently transfer from their wheelchairs onto examination chairs where such criteria is not necessary for the provision of dental services.

    e.    DentalWorks has discriminated against Plaintiffs and the class members by failing to make reasonable modifications in policies, practices, or procedures, which are necessary to afford its goods, services and facilities to Plaintiffs and the class members where such modifications would not fundamentally alter the nature of its goods, services or facilities.

    e.    DentalWorks has discriminated against Plaintiffs and the class members by failing to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable; and

    f.    DentalWorks has otherwise discriminated against Plaintiffs and the class members.

31.    Section 505(a)(2) of the Rehabilitation Act, 29 U.S.C. § 794(a)(2), states that the "remedies, procedures and that the rights set forth in title VI of the Civil Rights Act of 1964 [being 42 U.S.C. § 2000(d) *et sequitur*] shall be available" for violations of section 504 of the Rehabilitation Act. By law, such remedies include compensatory monetary damages. *Barnes v. Gorman*, 536 U.S. 181 (2002).

32.    Defendants' conduct has inflicted injury and damages upon Plaintiffs and the class members, including loss of a civil right, mental anguish, humiliation and mental pain and suffering.

33. Plaintiffs and members of the class are entitled to reasonable attorneys' fees and costs, pursuant to section 505(b) of the Rehabilitation Act, 29 U.S.C. § 794a.

WHEREFORE, Plaintiffs and members of the class pray for the following relief:

a. A declaration that Defendants are operating in a manner which discriminates against disabled individuals with ambulatory impairments who depend upon the use of wheelchairs and which fails to provide access for persons with disabilities as required by law;

b. An order certifying the case as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3), and appointing Plaintiffs as class representatives and their attorneys as class counsel;

c. An award of compensatory monetary damages;

d. An award of attorneys' fees and costs; and

e. Such other relief as the Court deems just.

THADDEUS JESSIE, ROBERT PETTY, AND REBECCA WYLIE, individually, on behalf of themselves and all other persons similarly situated

By:    /s/ Jennifer M. Sender
       One of Their Attorneys

Jennifer M. Sender (ARDC No. 6207774)
Robert M. Winter (ARDC No. 3122228)
Andrés J. Gallegos (ARDC No. 6212168)
Catherine A. Cooke (ARDC No. 6289263)
Attorneys for Plaintiff
ROBBINS, SALOMON & PATT, LTD.
180 North LaSalle Street, Suite 3300
Chicago, Illinois 60601
(312) 782-9000 - Telephone
(312) 782-6690 - Facsimile
jsender@rsplaw.com
rwinter@rsplaw.com
agallegos@rsplaw.com
ccooke@rsplaw.com